IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| SARAH STEINER,<br><br>    Plaintiff,<br><br>v.<br><br>ANDREW SAUL,<br>Commissioner of Social Security,<br><br>    Defendant. | MEMORANDUM DECISION AND ORDER REMANDING THE COMMISSIONER'S FINAL DECISION<br><br><br>Case #4:19-cv-00052-PK |

This Social Security disability appeal is before the Court pursuant to 42 U.S.C. § 405(g) to review the final decision of the Commissioner of Social Security. Plaintiff Sarah Steiner seeks review of the administrative law judge (ALJ) decision denying her claim for Supplemental Security Income under Titles XVI of the Social Security Act. Having considered the arguments of the parties, having reviewed the record and relevant case law, and having being otherwise informed, the Court will reverse and remand the administrative ruling.

**I. BACKGROUND**

Ms. Steiner has persistent neck pain. (Tr. 527). Imaging during the relevant period showed "multilevel spondylosis at C3-4, C4-5, and C5-6 without significant stenosis . . . and significant straightening of the cervical curvature, probably indicative of muscle spasm." (Tr.

1

527). Ms. Steiner also had a left paracentral disc protrusion with mass effect on the ventral aspect of the thecal sac. (Tr. 532).

Ms. Steiner underwent a consultative exam that showed reduced strength in her right deltoid and hand grip. (Tr. 539). She also had reduced hip and leg strength on the right. (Tr. 539). She had a positive Tinel's and Phalen's sign on her right wrist. (Tr. 539). The consultative examiner opined that this would limit Ms. Steiner's ability to perform tasks requiring grip strength or repetitive motion. (Tr. 541). The record shows that Ms. Steiner continued with pain management for the back pain, neck pain, and headaches caused by these impairments. (Tr. 601-616, 649-669, 899-963). Her BMI placed her in the morbidly obese category. (Tr. 644).

In May 2015, Ms. Steiner began reporting vision issues in her right eye. (Tr. 868). At the time she was in the hospital and reported waking up that morning blind in her right eye. (Tr. 868). In June 2016 she reported little vision out of the left eye, as well. (Tr. 1092, 1095). In April 2017, she was still reporting eye issues which, at the time, were thought to be conjunctivitis. (Tr. 1078). In June 2017, Ms. Steiner followed up with an ophthalmologist after a vitreous hemorrhage in the right eye. (Tr. 890, 1074, 1076). At that point, it was noted that her vision had been deteriorating over the last six years and she was diagnosed with ischemic optic neuropathy and glaucoma. (Tr. 893).

With regard to Ms. Steiner's mental impairments, a consultative psychological exam diagnosed depression, anxiety, and attention deficit/hyperactivity disorder. (Tr. 550). The

record shows that Ms. Steiner has consistently been treated with medication for these disorders. (Tr. 553, 558).

In May 2015, Ms. Steiner's treating physician's assistant, Mark Udy, opined that due to her cervical impairments Ms. Steiner could lift up to ten pounds, stand/walk for about two hours, sit for two hours, would be off task 20% or more of an eight-hour workday and be absent 4 or more days each month. (Tr. 885-886). Mr. Udy updated this opinion in February 2018 with similar findings. (Tr. 895-896).

In June 2016, Dr. Bret Muse, MD opined that due to her depression Ms. Steiner would be off task 20% or more of an 8-hour workday and would likely be absent four or more days each month. (Tr. 887-888).

In March 2018, Ms. Steiner's treating ophthalmologist, Dr. Snow Slade, stated that Ms. Steiner had diagnoses of glaucoma, hypertensive blind eye, central retinal occlusion, and rubeosis. He stated that her treatment was ongoing and her prognosis poor. (Tr. 1107). He noted that while he could not state with certainty the date her eye issues began, chart notes indicated a possible start date of 2011. (Tr. 1107). He stated that due to reduced vision Ms. Steiner would be off task up to 20% or more of the workday, absent two days a month, and only 80% as efficient as the average worker. (Tr. 1108).

A hearing was held on January 12, 2016. (Tr. 57-75). The ALJ issued a decision finding Ms. Steiner not disabled on March 23, 2016. (Tr. 112-126). The Appeals Council granted Ms. Steiner's request for review on April 24, 2017. (Tr. 127-131). A remand hearing was held March 13, 2018. (Tr. 41-56). At the remand hearing, Ms. Steiner testified that her pain, anxiety,

and depression make it difficult to complete tasks. (Tr. 46-49). She was wearing an eye patch and also testified she recently had eye surgery and was not expected to regain vision in her right eye. (Tr. 49).

In his remand decision, the ALJ found that Ms. Steiner had the severe impairments of obesity, major depression, anxiety disorder, cervical spondylosis, and degenerative disc disease of the lumbar spine. (Tr. 23). At step three, he found that she did not meet a listing. (Tr. 23-24). The ALJ found that Ms. Steiner could perform light work and occasionally climb, balance, stoop, kneel, crouch, and crawl. The ALJ found she could perform occasional overhead reaching bilaterally. The ALJ found she could tolerate occasional exposure to fumes, odors, dusts, gases, and poor ventilation. The ALJ found she could understand, remember, and carry out simple, routine, repetitive tasks. The ALJ found she could adapt to routine work changes. And, the ALJ found she could interact occasionally with co-workers, supervisors, and the general public. (Tr. 26).

The ALJ also found that, while Ms. Steiner had no past relevant work, with this residual functional capacity, there was other work she could perform in the national economy. (Tr. 32-33). Therefore, the ALJ found that she was not disabled. (Tr. 34).

## II. ARGUMENT ON APPEAL

On appeal, one argument Ms. Steiner made was that the ALJ erred in his finding that her visual impairments were not severe due to their failure to meet the durational requirement of Social Security Ruling ("SSR") 82-52. As discussed below, the Court ultimately finds that the ALJ erred in this evaluation.

4

### III.     STANDARD OF REVIEW

The Court reviews the Commissioner's decision to determine whether substantial evidence in the record as a whole supports the factual findings and whether the correct legal standards were applied.  *Hendron v. Colvin*, 767 F.3d 951, 954 (10th Cir. 2014)(citation omitted).  The ALJ's findings "shall be conclusive" if supported by substantial evidence. 42 U.S.C. § 405(g); *see also Glass v. Shalala*, 43 F.3d 1392, 1395 (10th Cir. 1994).  Substantial evidence is "more than a mere scintilla[;]" it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed. 2d 842 (1971)(quotation and citation omitted).  When reviewing the record, the Court "may neither reweigh the evidence nor substitute [its] judgment for that of the [ALJ]."  *Madrid v. Barnhart*, 447 F.3d 788, 790 (10th Cir. 2006).

A "failure to apply the correct legal standard or to provide this court with a sufficient basis to determine the appropriated legal principles have been followed is grounds for reversal." *Jensen v. Barnhart*, 436 F.3d 1164-1165 (10th Cir. 2005)(quotations and citation omitted).

### IV.     DISCUSSION

Ms. Steiner argues that the ALJ erred in finding that her visual impairments did not meet the durational requirements to be considered a severe impairment.  (Pl. Br. at 8-12).  The Commissioner argues that there is no evidence in the record showing that Ms. Steiner's right eye blindness was not temporary, and even if there were, it should be left to the ALJ to choose between conflicting views.  (Def. Br. at 7-11).

5

The Agency is correct that in order to meet the durational requirements, an impairment must have lasted or be expected to last twelve months. (SSR 82-52). However, with regard to her visual impairments, Ms. Steiner submitted a statement from her treating ophthalmologist, Dr. Snow Slade stating that Ms. Steiner had diagnoses of glaucoma, hypertensive blind eye, central retinal occlusion, and rubeosis. He stated that her treatment was ongoing and her prognosis poor. (Tr. 1107). He noted that while he could not state with certainty the date her eye issues began, chart notes indicated a possible start date of 2011. (Tr. 1107). He stated that due to reduced vision Ms. Steiner would be off task up to 20% or more of the workday, absent two days a month, and only 80% as efficient as the average worker. (Tr. 1108).

Additionally--and more important to this Court's decision--after Dr. Slade offered his opinion, Ms. Steiner appeared at a remand hearing before an ALJ. Ms. Steiner was wearing an eye patch after a recent surgery on her right eye. (Tr. 49). She testified that she would not regain vision in her right eye and that while she can see out of her left eye, she no longer has 20/20 vision and cannot read small print anymore with the left eye. (Tr. 49).

In his decision, the ALJ, found that Ms. Steiner's visual impairments were not severe because they did not meet durational requirements. (Tr. 23). In evaluating Dr. Snow's opinion, he stated that "[g]reat weight is given to [Dr. Snow's] opinion that the claimant would have some limitations from this condition. However, there is *no evidence* to support these limitations would exceed twelve months." (Tr. 32)(emphasis added). The finding of "no evidence" is inaccurate. The finding fails to consider the testimony of Ms. Steiner at the ALJ hearing. She testified that she will not regain vision in the right eye and that while she can see out of her left eye, she no

longer has 20/20 vision and cannot read small print anymore. (Tr. 49). Social Security Ruling 16-3p makes clear that in evaluating a claimant's testimony, the ALJ must consider the claimant's testimony regarding "the frequency and duration of the symptoms." Statements as to "intensity, persistence, and limiting effects of symptoms" are to be evaluated to determine if they are consistent with objective medical evidence and other evidence. (SSR 16-3p(2)(a)).

In this case, Ms. Steiner made a clear statement as to the duration of her visual impairment in her right eye--she is not expected to regain her vision. While the ALJ does not have to accept this statement, he does have to evaluate it and determine if it is supported by medical evidence in the file as directed by SSR 16-3p. Additionally, Ms. Steiner's statement was consistent with the evidence from her treating ophthalmologist that her condition is "ongoing" and her prognosis "poor." (Tr. 1107). The ALJ's failure to consider all evidence, including Ms. Steiner's hearing testimony in determining whether Ms. Steiner's visual impairments were severe impairments that met the durational requirements is legal error that requires this case to be reversed and remanded for further consideration of Ms. Steiner's visual impairments and any impact they may have on her residual functional capacity assessment.

## V.  CONCLUSION

Accordingly, IT IS ORDERED that the ALJ's decision is REVERSED AND REMANDED pursuant to sentence four of 42 U.S.C. §405(g) for the purpose of conducting additional proceedings as set forth herein.

DATED:  27 May 2020

_____
PAUL KOHLER
United States Magistrate Judge